# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BRADLEY DEAN MOHRING, Defendant. | No. 19-CR-2002-CJW-MAR  **ORDER** |

## I. INTRODUCTION

This matter is before the Court pursuant to defendant's Objections (Doc. 41) to the Report and Recommendation (Doc. 39) of the Honorable Mark A. Roberts, United States Magistrate Judge. On February 12, 2019, defendant filed a Motion to Suppress. (Doc. 12). The government timely filed a resistance. (Doc. 15). On March 7, 2019, Judge Roberts held a hearing on the motion. (*See* Doc. 23). On March 20, 2019, defendant filed a supplemental brief. (Doc. 28). On March 21, 2019, the government filed a response to defendant's supplemental brief. (Doc. 32). On April 9, 2019, Judge Roberts issued the Report and Recommendation, which recommends that the Court deny the Motion to Suppress. On April 22, 2019, defendant filed his Objections. For the following reasons, the Court **overrules** defendant's Objections and **denies** the Motion to Suppress.

## II. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CRIM. P. 59(b)(3) ("The

district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[ ] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report and recommendation when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the Court reviews the disputed portions of the Report and Recommendation de novo.

### III. FACTUAL BACKGROUND[1]

On October 9, 2018, Chickasaw County Sheriff's Deputy Steven Johnson responded to a report of a burglary at the Five Star Co-op in Nashua, Iowa. The manager of the co-op reported that two computer towers had been stolen from the co-op some time during the night. The manager advised Deputy Johnson that surveillance camera footage showed a dog, specifically a boxer, on a leash walking past the co-op in the middle of the night. Deputy Johnson reviewed the video and positively identified the dog as belonging to defendant. Deputy Johnson was familiar with defendant, having executed search warrants at defendant's apartment on two separate occasions, and having seen him and his dog walking in the area of the co-op frequently. Deputy Johnson knew that defendant operated an "electronic repair and salesman" business out of his apartment,

---

[1] After reviewing the Hearing Transcript (Doc. 42), the Court finds that Judge Roberts accurately and thoroughly set forth the relevant facts in the Report and Recommendation. The Court will, therefore, only briefly summarize the facts here. When relevant, the Court relies on and discusses additional facts in conjunction with its legal analysis.

2

which was only a few blocks away. Deputy Johnson interviewed a witness that had also seen defendant walking his dog frequently in the area. Deputy Johnson also recalled having seen defendant's roommate walking defendant's dog near the co-op the night before.

Based on the information gathered, Deputy Johnson applied for a search warrant for defendant's apartment. In the warrant affidavit, Deputy Johnson detailed the results of his investigation to that point including his identification of the dog, which he described in detail. Deputy Johnson described the surveillance video in the affidavit, and included still images captured from it. Those images, however, were blurry and grainy, and only in black and white, making it very difficult to see anything in them. The Honorable William Patrick Wegman, District Associate Judge of the Iowa District Court for Chickasaw County, issued a warrant to search defendant's apartment for evidence of the burglary. While executing the warrant, Deputy Johnson discovered narcotics and firearms in defendant's residence. Deputy Johnson applied for and received a second warrant to search for and seize firearms, ammunition, and drug-related items, based on his observations during the first search. Deputy Johnson later applied for and received a third search warrant to obtain a blood sample from defendant.

## IV.   ANALYSIS

In the Motion to Suppress, defendant argues that the first search warrant was not supported by probable cause, and that all evidence gathered at defendant's apartment during both searches must be suppressed. (Doc. 12). In the Report and Recommendation, Judge Roberts found that first warrant was supported by probable cause, and that even if the warrant lacked probable cause the *Leon* good-faith exception would apply, and suppression would not be appropriate. (Doc. 39, at 8-18). Defendant now objects to both of Judge Roberts' legal conclusions. (Doc. 41). The Court will address each objection in turn.

### A. *Probable Cause*

Judge Roberts found that the "affidavit in support of the first search warrant established probable cause to believe evidence relating to the burglary of the co-op would be found upon searching Defendant's residence." (Doc. 39, at 13). Judge Roberts reasoned that:

> The nature of Defendant's business, the proximity to the scene of the crime and the distinctiveness of the dog, along with the other facts set forth in the affidavit, allowed the issuing judge to make a practical and common-sense determination there was "a fair probability" that evidence of a crime would be found at Defendant's residence.

(*Id.*, at 12). Defendant objects that "it was erroneous to conclude that the search warrant was supported by probable cause." (Doc. 41-1, at 3). Defendant focuses his argument on the question of whether Judge Wegman reasonably relied on Deputy Johnson's identification of the dog. Defendant argues:

> The facts that the dog can only be seen in the Co-op video for a few seconds, that the still images presented to Judge Wegman are difficult to discern, that there are other dogs of similar coloration to [defendant's] dog in Nashua, and that other people walk their dogs in the area of the Co-op make Deputy Johnson's assertions and Judge Wegman's reliance on the assertions unreasonable

(*Id.*).

It is not the place of this Court to determine whether the affidavit is supported by probable cause. "[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (citation and internal quotation marks omitted). "In reviewing the issuance of a warrant, a district court need not make a de novo inquiry into the existence of probable cause, but rather should uphold the decision to issue the warrant so long as it is supported by 'substantial evidence in the record.'" *United States v. Hallam*, 407

F.3d 942, 948 (8th Cir. 2005) (quoting *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984) (per curiam)); *see also United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986) ("[T]he decision to issue the warrant is to be upheld if supported by substantial evidence in the record."). Accordingly, the Court finds it unnecessary to adopt Judge Roberts' conclusion that the warrant was supported by probable cause, and will instead examine whether there is substantial evidence in the record to support Judge Wegman's probable-cause finding.

Although the Court reaches no determination on whether probable cause exists in the warrant affidavit, the Court, having conducted a de novo review of Judge Roberts' analysis of the evidence, finds it to be well reasoned. The Court therefore adopts Judge Roberts' analysis and, considering that analysis in light of the substantial-evidence standard, finds that there is substantial evidence in the record to support Judge Wegman's issuance of the warrant.

"Probable cause exists when, viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Reed*, 921 F.3d 751, 757 (8th Cir. 2019) (quoting *Gates*, 462 U.S. at 230). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *United States v. Colbert*, 605 F.3d 573, 576 (8th Cir. 2010) (quoting *Gates*, 462 U.S. at 231). In this case, there is ample evidence in the record to support Judge Wegman's decision. The only person known to be near the co-op at the time of the burglary was whomever was walking the dog. Deputy Johnson identified the dog as defendant's. Defendant and his roommate had been seen walking a dog in the area. Defendant also lived nearby and operated a business selling the types of items that were stolen. Judge Wegman's probable cause finding is further bolstered by the nature of the items stolen from the business and defendant's employment. Defendant runs a business

selling and repairing electronic equipment. The thief stole electronic equipment from the business. Had the thief stolen cash or grain it would not point naturally to defendant. Thus, the nature of the property stolen supports a probable cause finding that defendant was the one who stole the electronic equipment in this case.

The Court is unpersuaded by defendant's argument that Judge Wegman should not have relied on Deputy Johnson's identification of the dog. Defendant bases his argument in part on facts developed at the suppression hearing that were not presented to Judge Wegman. Defendant argues that "[t]he facts that the dog can only be seen in the Co-op video for a few seconds, . . . that there are other dogs of similar coloration to [defendant's] dog in Nashua, and that other people walk their dogs in the area of the Co-op" undermine the reliability of Deputy Johnson's identification. (Doc. 41-1, at 3). None of these facts, however, were present in the search warrant affidavit. (*See* Doc. 13). "When a magistrate relies solely on an affidavit to issue the warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Farlee*, 757 F.3d 810, 819 (8th Cir. 2014) (internal quotation marks omitted). Thus, none of these facts can be used to undermine Judge Wegman's probable-cause finding.

Defendant is correct that the "blurry, black and white still images of the dog from the video" that were presented to Judge Wegman "are difficult to discern." (Doc. 41-1, at 2-3). As Judge Roberts aptly noted, "[i]t takes effort to look at some of the still images and discern a dog, let alone a boxer." (Doc. 39, at 11). Nevertheless, as Judge Roberts also found, and defendant agreed, the issue is not whether Judge Wegman could have identified the dog from the still images, but rather whether he reasonably relied on Deputy Johnson's identification. (*See id.*, at 11; Doc. 41-1, at 3). There is substantial evidence in the record to support Judge Wegman's reliance. Deputy Johnson swore in his affidavit that he was able to positively identify the dog, and described it in detail. (Doc. 13, at 5-

6

6). He also described having seen the dog on multiple prior occasions. (*Id.*, at 6). On the basis of these representations, it was reasonable for Judge Wegman to accept Deputy Johnson's identification as reliable. That identification, combined with the other facts in the affidavit, provide substantial evidence to support Judge Wegman's issuance of the warrant.

Accordingly, this objection is **overruled**.

### B. Leon *Good-Faith Exception*

Judge Roberts found that "exclusion of the evidence would be inappropriate, even if a reviewing court concluded the first search warrant lacked probable cause, because it was objectively reasonable for the deputy to rely upon the neutral magistrate's conclusion that probable cause existed to search Defendant's residence," i.e. that the *Leon* good-faith exception would apply. (Doc. 39, at 18); *see also United States v. Leon*, 468 U.S. 897 (1984). Defendant objects that *Leon* should not apply because "the supporting affidavit provided no evidence of illegal activity at the address to be searched." (Doc. 41-1, at 3-4). Defendant argues that "[t]he search warrant in this case provides no sufficient nexus between [defendant's] apartment and the burglary of the Co-op." (*Id.*, at 4).

"Under the *Leon* good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *United States v. El-Alamin*, 574 F.3d 915, 924 (8th Cir. 2009) (citations omitted). "An officer may not rely entirely on the magistrate's finding of probable cause when the application for the warrant so lacks probable cause that the officer cannot have a reasonable belief in its existence." *United States v. Farlee*, 757 F.3d 810, 819 (8th Cir. 2014). "[T]he good faith exception is inapplicable when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render [an] official[s] belief in its

7

existence *entirely unreasonable*." *United States v. Patten*, 664 F.3d 247, 251 (8th Cir. 2011).

Defendant argues that the affidavit is sufficiently lacking in indicia of probable cause to render the *Leon* exception inapplicable because it "do[es] not establish a reasonable nexus between [defendant's] residence and illegal activity." (Doc. 41-1, at 4). Defendant likens this case to *United States v. Herron*, 215 F.3d 812 (8th Cir. 2000). In *Herron*, a state court judge issued a warrant to search defendant's farm for the presence of marijuana plants. 215 F.3d at 813. The affidavits in support of the warrant stated that relatives of the defendant had been found growing marijuana on a nearby farm, that one of said relatives has been staying with defendant several months earlier, and that the defendant had two prior convictions for cultivating marijuana, two and fourteen years prior, respectively. *Id*. The Eighth Circuit Court of Appeals held that the affidavits so tenuously connected the defendant to marijuana production that "the lack of probable cause in the affidavits would have been apparent to reasonable officers" and *Leon* did not apply. *Id*. at 815.

This case is distinguishable from *Herron*. Unlike in *Herron*, where the defendant "play[ed] only a small part in the[ ] affidavits," *id.*, at 813, the affidavit in this case provided significant detail on defendant's connection to the crime. Defendant's dog was identified in the surveillance video and defendant had regularly been seen in the area around the co-op walking his dog. Defendant's residence was also connected to the crime, as the affidavit indicated it was within walking distance of the co-op and the defendant operated his electronics sales and repair business from his residence. Additionally, unlike in *Herron* where the connection to the defendant was remote in time, the surveillance footage showing defendant's dog was from the night of the incident, and defendant's roommate had been seen nearby with defendant's dog only the day before. Finally, defendant was in the business of selling and repairing electronic equipment out

of his home and the thief stole electronic equipment from the business. Based on these facts, the Court finds that it was objectively reasonable for an officer to have believed the warrant was valid, and the *Leon* exception would apply even if the warrant were invalid. Accordingly, this objection is **overruled**.

## V. CONCLUSION

For the reasons set forth above, defendant's objections (Doc. 41) are **overruled**, the Report and Recommendation (Doc. 39) is **adopted in part**, and defendant's motion to suppress (Doc. 12) is **denied**.

**IT IS SO ORDERED** this 11th day of June, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa